**In re: Reverend Wesley CARROLL, Petitioner.**

**No. 08–1509.**

United States Court of Appeals, Third Circuit.

Submitted Under Rule 21, Fed. R.App. P. March 13, 2008.

Filed: April 8, 2008.

Wesley Carroll, Waymart, PA, pro se.

Before: BARRY, CHAGARES and STAPLETON, Circuit Judges.

OPINION

PER CURIAM.

Wesley Carroll, a frequent filer of *pro se* actions in the District Courts of this circuit and of appellate proceedings in this Court, has filed a mandamus petition pursuant to 28 U.S.C. § 1651 in the United States District Court for the Western District of Pennsylvania seeking to compel the Court of Common Pleas of Allegheny County, the Commonwealth of Pennsylvania and the District Court for the Western District of Pennsylvania to perform certain acts.[1] The petition was referred to a Magistrate Judge who issued a Report recommending that the mandamus petition be dismissed to the extent that Carroll was attempting to seek an order compelling the Allegheny Court of Common Pleas or any other state official to take certain actions. The Magistrate Judge further recommended that Carroll's petition be transferred to this Court to the extent he seeks an order compelling the judges or staff of the District Court of the Western District of Pennsylvania to perform any act. The District Court adopted the Magistrate Judge's Report and Recommendation and entered an order dismissing Carroll's petition in part and transferring it, in part, to this Court. We will deny the petition.

Although Carroll's filing is less than a model of clarity, he appears to argue that: 1) numerous filings submitted over the

---

1. The Report and Recommendation of the Magistrate Judge issued in *Carroll v. Gaul, et al.*, W.D. Pa. Civ. No. 07–cv–01576 (January 28, 2008), provides a numerical summary of the civil actions and appeals initiated by Carroll.

course of several years have never been ruled upon by the District Court and, due to the actions of the Clerk's Office staff, most were not even directed to the appropriate court official; 2) this Court ordered the District Court to allow his habeas corpus petition filed pursuant to 28 U.S.C. § 2254 to proceed and be granted, yet the District Court refused; and 3) although orders have been issued stating that petitioner is being held illegally and should never have been imprisoned, he still remains incarcerated. Carroll purports to be filing this mandamus petition on behalf of himself and his children.

Initially, we note that, as the District Court properly concluded, Carroll may not submit filings in a federal court as a representative of his children. Only an attorney duly admitted to practice may enter an appearance on behalf of others and submit documents for filing in federal court. *See, e.g., Osei–Afriyie v. The Medical College of Pennsylvania,* 937 F.2d 876 (3d Cir.1991) (parent is not entitled, as a non-lawyer, to represent his/her children in place of an attorney in federal court).

The writ of mandamus is an extraordinary remedy. To justify the Court's use of this remedy, a petitioner must demonstrate that he has a clear and indisputable right to issuance of the writ. *Kerr v. United States District Court,* 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *DeMasi v. Weiss,* 669 F.2d 114, 117 (3d Cir.1982). No such showing has been made in the instant case.

While Carroll alleges that various documents submitted to the District Court for filing were never entered on the docket and/or ruled upon by the court, and that many were improperly returned to him with letters from court personnel, he fails to submit anything to support these bald assertions. With the exception of one referenced action, petitioner does not so much as provide the civil action number under which the filings were allegedly submitted. Without such support, it is impossible to conclude that Carroll has a clear and indisputable right to mandamus relief, especially when a review of the District Court docket shows that a steady stream of submissions has been filed in his various civil actions. With respect to the one civil action which Carroll references by number, we would simply note that petitioner's notice of appeal with attached "Notice of Appeal: Petition for Writ of Error . . . and Petition to Vacate and Set Aside . . . Conviction and Sentence" was filed on the docket in W.D. Pa. Civ. No. 05–cv–00002 on May 8, 2007.

Moreover, while Carroll may be dissatisfied with the District Court's determination regarding how to properly treat certain submissions forwarded to it by the District Court's Clerk's Office staff, the manner in which a court disposes of cases on its docket is within its discretion, *see In Re Fine Paper Antitrust Litigation,* 685 F.2d 810 (3d Cir.1982), and an appellate court will not interfere with that discretion except upon the clearest showing that the District Court's decision substantially prejudiced the litigant. *Id.* at 817. Insofar as Carroll seeks to challenge the effect of the District Court's handling of a particular submission on its ultimate disposition of his cause of action, he is, of course, free to challenge any such action on appeal from the entry of a final order.

Mandamus relief with respect to the remainder of the assertions set forth in Carroll's petition is likewise unwarranted. Carroll alleges that this Court ordered the District Court to allow his habeas corpus petition to "proceed and be granted," yet the District Court refused. Our order actually provided, however, that Carroll's request for a certificate of appealability was

denied, but that he may file a new habeas petition within 90 days of that order—which was issued on August 28, 2007—if the Allegheny Court of Common Pleas had not decided his post-trial motions. *See* C.A. No. 07–2063. Carroll did, in fact, file another habeas petition which was ruled upon by the District Court. *See* W.D. Pa. Civ. No. 07–cv–01661. In an order issued on January 10, 2008, the District Court again dismissed Carroll's petition for failure to exhaust his state court remedies after concluding that the Court of Common Pleas had denied his post-trial motions within the time period set forth in our order, and that Carroll's appeal to the Pennsylvania Superior Court remained pending.

Finally, Carroll offers nothing to support his assertion that orders have been issued declaring his incarceration to be illegal, and that the District Court has somehow violated these declarations by refusing to order his release from prison.

Accordingly, for the foregoing reasons, the petition for a writ of mandamus will be denied.[2]

---

**2.** Carroll's motion seeking an "Emergency Injunction, TRO, Writ of Prohibition, Appointment of Counsel, Protection From Abuse, Prior to 42 U.S.C. § 1983, 1985 and 18 U.S.C. § 241 et seq." is likewise denied. As petitioner is well aware, this type of filing—wherein he seeks to initiate a new cause of action against, *inter alia*, SCI–Waymart and various Department of Corrections' employees—must be filed in the appropriate District Court after the exhaustion of administrative remedies.