

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-3-2008

# Grigorian v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2592

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Grigorian v. Atty Gen USA" (2008). *2008 Decisions*. Paper 1069.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1069

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2592
_____

VARDEN GRIGORIAN,
                                                Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A24-984-066)
Immigration Judge: Henry S. Dogin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 2, 2008
Before: BARRY, SMITH and HARDIMAN, Circuit Judges

(Opinion filed:June 3, 2008)
_____

OPINION
_____

PER CURIAM

        Varden Grigorian is a native and citizen of Armenia.  Through counsel, he seeks

review of a Board of Immigration Appeals ("BIA") decision denying his motion for

reconsideration.  For the following reasons, we will affirm.

        Grigorian was admitted to the United States as a lawful permanent resident on

October 31, 1980. While living in the United States, he has been convicted of a number of state crimes.[1] He left and re-entered the country again in 2004, applying for admission as a lawful permanent resident; he was paroled into the country on a temporary permanent resident card. Soon afterwards, he was issued a Notice to Appear in immigration court on charges that he was inadmissible for committing acts constituting the essential elements of a crime involving moral turpitude in violation of INA §§ 212(a)(2)(A)(i)(I), and for violating a state law relating to a controlled substance in violation of § 212(a)(2)(A)(i)(II).

Although scheduled to appear before an IJ on December 7, 2004, Grigorian did not show up at the hearing. Consequently, he was ordered removed in absentia. In April 2005, he timely filed a counseled motion to rescind the in absentia order and reopen proceedings, arguing that exceptional circumstances beyond his control prohibited him from appearing at the hearing. He explained that he left the country because his son had fallen seriously ill in Armenia and that, en route back to the United States, he himself fell seriously ill at the Vienna Airport and could not make his connecting flight. On April 19, 2005, the IJ denied the motion, finding that because he had been placed in removal proceedings by the Department of Homeland Security, he had no permission in the first

---

[1] In 1988, Grigorian was found guilty of possession of marijuana and use of drug paraphernalia. In 1995, he was convicted of possession of a controlled substance and petit larceny. In 1998, he pled guilty to petit larceny. In 2001, he was again convicted of possession of a controlled substance and petit larceny.

instance to leave the country. Therefore, the IJ concluded, his delayed return could not be excused. Grigorian timely filed a counseled appeal of the IJ's decision. However, shortly afterwards, his then-attorney, Shirley Tang, filed a letter with the BIA to withdraw the appeal, because Grigorian had left the United States to return to his family. The BIA accepted the filing and withdrew his appeal.

On July 14, 2006, through new counsel, Grigorian filed a motion to reinstate his appeal with the BIA, but that motion was denied on November 28, 2006. He did not petition this Court for review of that decision. On December 21, 2006, he moved for reconsideration of that denial, and the BIA denied the motion on April 30, 2007. Grigorian now seeks review of the BIA's denial of his motion for reconsideration.

We have jurisdiction to review final orders of the BIA. See 8 U.S.C. § 1252. Because Grigorian is removable as a convicted criminal under the INA, see § 1252(a)(2)(C), we review only the colorable legal or constitutional issues that he raises. See § 1252(a)(2)(D); Cruz v. Attorney General, 452 F.3d 240, 246-47 (3d Cir. 2006). We review the BIA's denial of a motion for reconsideration for abuse of discretion with broad deference to the Board's decision. See Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005); Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003). In order to succeed on a petition for review, the petitioner must show that the BIA's discretionary decision was arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994). As the only ruling that Grigorian appeals is the BIA's April 30, 2007 decision, we review

3

only that decision.

The BIA denied Grigorian's motion to reconsider because he failed to identify any error of law or fact suggesting that its prior decision was defective. Moreover, it declined to exercise its discretion to consider, sua sponte, Grigorian's motion.[2] Although Grigorian insists that the BIA's decision was erroneous, his motion does nothing more than reiterate the arguments underlying his motion to reinstate the appeal. To the extent that we would have jurisdiction to review these arguments at all, they should have been raised on a petition for review of the BIA's November 28, 2006 denial of his motion to reinstate his appeal, not in the present petition for review of the BIA's denial of his motion for reconsideration.

Because Gregorian does not show that the BIA's decision denying his motion for reconsideration was arbitrary, irrational or contrary to law, see id., we will affirm the BIA's order.

---

[2] The BIA noted that Grigorian put forth no potentially meritorious claims for reopening the proceedings, including, for example, allegations that his attorney was ineffective. See Lu v. Ashcroft, 259 F.3d 127, 132-34 (3d Cir. 2001).

4