HLD-130    (May 2010)                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-1662

_____

REVEREND WESLEY CARROLL, United States of America, ex. rel.

v.

G. PURATY, Deputy Clerk of the United States Western District Court of PA; MARCIA
M. WALDRON, Clerk of the United States Third Circuit Court of Appeals; SUSAN
(SMA) of the Same Court

Reverend Wesley Carroll,
                                                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil No. 09-cv-01509)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 28, 2010
Before:  MCKEE, Chief Judge, SCIRICA and WEIS, Circuit Judges
Opinion filed: June 8, 2010

_____

OPINION
_____

PER CURIAM.

            Reverend Wesley Carroll, a Pennsylvania state prisoner proceeding pro se,

appeals an order of the United States District Court for the Western District of Pennsylvania dismissing his petition for a writ of mandamus and an order denying his motion for reconsideration. We will affirm.

Carroll is a frequent filer of pro se actions in District Court, and appeals in this Court. The present appeal concerns a mandamus petition filed in District Court against the District Court Deputy Clerk, the Clerk of this Court, and an employee of this Court. Carroll alleged in his petition that the District Court Clerk's Office was not filing and docketing his submissions. Unrelated to his mandamus petition but attached thereto, Carroll submitted a document asserting that a state court trial judge engaged in ethnic intimidation.

A Magistrate Judge recommended that the mandamus petition be dismissed because it was repetitious of an earlier mandamus petition that the District Court had transferred to this Court and we denied. See In re Carroll, 272 Fed. Appx. 148 (3d Cir. 2008) (per curiam) (unpublished decision). Alternatively, the Magistrate Judge stated that the current mandamus petition should be dismissed for the reasons stated in our decision. We explained that Carroll's assertions were unsupported and that the court docket reflected a steady stream of submissions by Carroll.

To the extent Carroll complained that the Clerk's Office was not providing him docket numbers for all of the cases he had filed, the Magistrate Judge attached to her report a list of cases that Carroll had filed in District Court. The Magistrate Judge also

concluded that the petition should be dismissed to the extent Carroll sought to file a private criminal complaint against a state judge. Finally, to the extent Carroll sought a writ of mandamus ordering employees of this Court to take certain action, the Magistrate Judge recommended the dismissal of the petition as improperly filed in District Court. The District Court adopted the Magistrate Judge's report and recommendation to dismiss the mandamus petition and denied Carroll's motion for reconsideration. This appeal followed.

Mandamus relief is an extraordinary remedy requiring that a petitioner has no other adequate means to attain the desired relief and that he show a clear and indisputable right to the relief sought. DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). No such showing was made here.

As in his earlier mandamus action, Carroll's claim that the District Court is not filing and docketing his submissions is unsupported. We also explained in that action that, to the extent Carroll is dissatisfied with how the District Court treats his submissions, the manner in which a court disposes of cases on its docket is within its discretion and Carroll is free to challenge on appeal the effect of the District Court's handling of a particular submission on a cause of action. See In re Carroll, 272 Fed. Appx. at 149 (citing In Re Fine Paper Antitrust Litigation, 685 F.2d 810 (3d Cir. 1982)). We also find no error in the District Court's dismissal of Carroll's petition to the extent he sought to assert criminal charges against a state judge. Thus, the District Court properly

3

dismissed the mandamus petition and did not abuse its discretion in denying Carroll's motion for reconsideration.

Because this appeal does not raise a substantial question, we will summarily affirm the District Court's orders.