**\*Amended GLD-105**                                       NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4252
_____

REVEREND WESLEY CARROLL, United States of America ex rel.,
Appellant

v.

JEFFREY A. MANNING, Corrupt Pennsylvania Judge;
MOIRA HERRINGTON, Corrupt Pennsylvania Magistrate;
MICHAEL CONAHAN, Corrupt Pennsylvania Judge; ALLEGHENY COUNTY COURT;
MARK CIAVARELLA, Corrupt Pennsylvania Judge; JUDITH FRIEDMAN;
ROBERT ATTHONEY, Corrupt Pennsylvania Attorney;
WILLIAM SHARKEY, Corrupt Pennsylvania Court Administrator;
PENNSYLVANIA CHILD CARE DETENTION CENTER,
Corrupt Pennsylvania Center That Inslaves Children;
PENNSYLVANIA WESTERN DISTRICT COURT; SUPERIOR COURT, and;
COURT OF COMMON PLEAS; RONALD NAGY, Corrupt City of Pittsburgh Police Officer;
DEPARTMENT OF JUSTICE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-cv-00490)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
February 3, 2011
Before:  AMBRO, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed: February 16, 2011)
_____

OPINION
_____

PER CURIAM

Reverend Wesley Carroll, proceeding pro se, appeals the District Court's order

denying several motions filed after the dismissal of his mandamus petition. Because the

appeal does not present a substantial question, we will summarily affirm.

Carroll, a Pennsylvania state prisoner, is a frequent filer of pro se actions in

District Court and appeals to this Court. The present appeal concerns a mandamus

petition and four motions filed in District Court. Carroll filed his mandamus petition

against a host of state and local authorities, judges, and the United States Department of

Justice. He generally alleged "major problems with the Judicial System and Courts," and

specifically alleged that he had been granted "Habeas Corpus Release" in 2003 but

remains in prison and that the Clerk of the District Court has refused to docket his

submissions. A Magistrate Judge recommended that the petition be dismissed because it

was repetitious of two earlier mandamus petitions, one of which was dismissed by this

Court after transfer. See In re Carroll, 272 F. App'x 148 (3d Cir. 2008) (per curiam).[1]

Alternatively, the Magistrate Judge stated that the petition should be dismissed per our

reasoning in Carroll v. Puraty i.e., that "Carroll's claim that the District Court is not filing

_____

[1] Carroll's other petition was dismissed pre-service by the District Court. See Order, Carroll v. Barth, No. 09-cv-1465 (W.D. Pa. Feb. 16, 2010). We summarily affirmed this order. See Carroll v. Barth, 383 F. App'x 106 (3d Cir. 2010) (per curiam). Carroll filed a third mandamus petition raising similar claims, which the District Court also dismissed pre-service. See Order, Carroll v. Puraty, No. 09-cv-1509, (W.D. Pa. Feb. 17, 2010). We summarily affirmed this order as well. See Carroll v. Puraty, 383 F. App'x 107 (3d Cir. 2010) (per curiam).

2

and docketing his submissions is unsupported. . . . to the extent Carroll is dissatisfied with how the District Court treats his submissions[;] the manner in which a court disposes of cases on its docket is within its discretion." 383 F. App'x 107, 108. The Magistrate Judge also recommended that, to the extent Carroll sought to compel via mandamus any state or local authorities, the petition should be dismissed because federal courts lacked the power to do so. The District Court adopted the Magistrate Judge's report and recommendation and dismissed the mandamus petition in an order entered July 20, 2010.

Despite the dismissal, Carroll filed several motions in October 2010. He moved (1) to depose of all defendants and to further proceed in forma pauperis, (2) to "reopen out of time" and for appointment of counsel and other assistance, (3) for en banc reconsideration, and (4) for costs.[2] The District Court denied these motions in an order entered October 25, 2010. This appeal followed.

We have jurisdiction over the appeal of the District Court's order denying Carroll's motions pursuant to 28 U.S.C. § 1291.[3] We review the District Court's denial

---

[2] The filings were entitled: (1) "Application for Order to Take Deposition/Petition to Proceed In Forma Pauperis, Without Fees, Costs and Affidavit;" (2) "Motion for Permission to File the Motion to Reopen Out of Time and Motion for Appointment of Legal Counsel and Interpreter and Order for Submissions and Legal Research Via Computer Access;" (3) "Petition for En Banc Reconsideration, Hearing or Re-hearing:" and (4) "Bill of Costs." See District Court Docket, # 8-10 and 12.

[3] Carroll also seeks review of the District Court's order dismissing his mandamus petition. However, we lack jurisdiction to review that order because Carroll's notice of appeal was filed more than thirty days after the order was entered. See Fed. R. App. P. 4(a)(1)(A) (a notice of appeal in a civil case to which the United States is not a party must be filed within thirty days after the order appealed from is entered); Bowles v. Russell,

of the motions for an abuse of discretion.  See, e.g., Brumfield v. Sanders, 232 F.3d 376, 380 (3d Cir. 2000) (orders concerning the scope or opportunity for discovery are reviewed for an abuse of discretion); In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 458 (3d Cir. 2000) (a district's court ordering regarding taxation of costs is reviewed for an abuse of discretion).  The District Court denied Carroll's motions, at least in part, because they were filed well after the court had dismissed his mandamus petition.  There was thus no pending matter in which to take depositions or receive the assistance of counsel.  Nor was Carroll the "prevailing party" for purposes of awarding costs.  See Fed. R. Civ. P. 54(d).  Finally, Carroll's motion for reconsideration and "petition" in support thereof appears to merely reiterate the allegations made in the mandamus petition and does not set forth any basis justifying reconsideration.  The District Court did not abuse its discretion in denying Carroll's motions.

There being no substantial question presented by this appeal, we will summarily affirm the District Court's order.  See 3d Cir. L.A.R. 27.4; IOP 10.6.  Carroll's motion for the appointment of counsel is denied.

---

551 U.S. 205, 214 (2007) ("the timely filing of a notice of appeal in a civil case is a jurisdictional requirement").  None of Carroll's motions tolled the time for him to file his notice of appeal.  See Fed. R. App. P. 4(a)(4).

4