In practice, determining whether plaintiffs are "similarly situated" under the FLSA involves considering all relevant factors, such as, "whether the plaintiffs are employed in the same corporate department, division, and location; whether they advance similar claims; whether they seek substantially the same form of relief; and ... [whether they have] individualized defenses." Zavala , 691 F.3d at 536-37. Although we acknowledge that some of the factors and evidence necessary to satisfy the prerequisites of Rule 23 and § 216(b) may overlap and, as a consequence, our rulings with respect to them may overlap as well, "a mere nexus between the two orders is not sufficient to justify a decision to assume jurisdiction." Kershner , 670 F.2d at 449-50.
* * *
Therefore, we hold that Rule 23 class certification and FLSA final collective action certification are not "inextricably intertwined." Accordingly, we decline to exercise pendent appellate jurisdiction over the FLSA collective action certification order in this case.
Reinig , 912 F.3d at 130-133 (emphasis added).
Thus, the Court of Appeals held that there was not "sufficient overlap in the facts relevant to both ... issues to warrant plenary review." Id. at 130 (quoting Aleynikov , 765 F.3d at 357 ).
III. Defendant's Renewed Motion to Decertify the FLSA Collective Action (Doc. No. 268)
Despite the language of the precedential Opinion of the Court of Appeals that (1) the legal standard for a FLSA collective action is meaningfully different than the legal standard for a Rule 23 class action, and (2) there was insufficient overlap in the facts relevant to the FLSA and Rule 23 issues ( id. at 130-133 ), Defendant in effect now argues to the contrary, and thus *607 seeks this Court to reconsider its previous decision not to decertify the FLSA collective action.
IV. Legal Standard for Evaluation of a Motion for Reconsideration
"The purpose of a Motion for Reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc. , 602 F.3d 237, 251 (3d Cir. 2010) (citing Harsco Corp. v. Zlotnicki , 779 F.2d 906, 909 (3d Cir. 1985) ). Generally, a Motion for Reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or, (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. See Howard Hess Dental, 602 F.3d at 251 (citing Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros , 176 F.3d 669, 677 (3d Cir. 1999) ). However, because Defendant's Motion relates to an interlocutory order, the reconsideration standard applies more flexibly than it would to a judgment. Qazizadeh v. Pinnacle Health Sys. , 214 F.Supp.3d 292, 295 (M.D. Pa. 2016).
A court may not grant a Motion for Reconsideration when the motion simply restyles or rehashes issues previously presented. Pahler v. City of Wilkes-Barre , 207 F.Supp.2d 341, 355 (M.D. Pa. 2001) ; see also Carroll v. Manning , 414 F. App'x. 396, 398 (3d Cir. 2011) (affirming denial of "motion for reconsideration and 'petition' in support thereof that appears to merely reiterate the allegations made in the ... petition and does not set forth any basis justifying reconsideration"); Grigorian v. Attorney General of U.S. , 282 F. App'x. 180, 182 (3d Cir. 2008) (affirming denial of motion to reconsider because it "does nothing more than reiterate the arguments underlying the motion to reinstate the appeal"). "[A] motion for reconsideration addresses only factual and legal matters that the Court may have overlooked.... It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through -- rightly or wrongly." Glendon Energy Co. v. Borough of Glendon , 836 F.Supp. 1109, 1122 (E.D. Pa. 1993) (citations and internal quotation marks omitted).
V. Application of Standard
Based on the above-cited case law, Defendant's Motion for Reconsideration is denied.[1] Defendant does not cite to any "intervening change in controlling law" from the Court of Appeals for the Third Circuit. The only "new" case cited by Defendant is an opinion of the United States Court of Appeals for the Ninth Circuit ( Campbell v. City of Los Angeles , 903 F.3d 1090 (9th Cir. 2018) ), which is inconsistent with the governing precedential Opinion in this case, and factually inapt, see Doc. No. 270 at 8-12 (wherein Plaintiffs distinguish Campbell from case sub judice ). Indeed, the only possible intervening change in controlling law is the Court of Appeal's Opinion in this case, which stated explicitly that its Rule 23 analysis did not apply to the issue of FLSA certification because the two standards are "fundamentally different." Reinig , 912 F.3d at 131.
Further, Defendant fails to cite any "new evidence" and fails to cite any "clear error of law or ... manifest injustice," other than Defendant's continued disagreement with the Special Master's Second Report, and this Court's prior rulings on the FLSA collective action issue. See Doc. No. 180 at 1-36, Doc. No. 216. The *608 factual record sufficiently establishes that the opted-in Plaintiffs are "similarly situated."
Therefore, Defendant's Renewed Motion to Decertify the FLSA Collective Action (Doc. 268) is DENIED WITHOUT PREJUDICE,[2] and a new Pretrial/Trial Order will be promptly entered on the following narrow, single-issue jury question applicable to the collective FLSA claims (scheduling the jury trial to commence on September 23, 2019):[3] "Did Plaintiffs prove by a preponderance of the evidence that Citizens Bank had a policy or practice that caused mortgage loan officers to not report all of the hours they worked (i.e. , to work 'off the clock')?"[4] Doc. No. 235. See Fed. R. Civ. P. 1 and 16(c)(2)(M).
SO ORDERED, this 25th day of June, 2019.

Even if the Renewed Motion was reviewed under a de novo standard, instead of a Motion for Reconsideration standard, the Court concludes the result would be the same.

As Defendant notes, an order finally certifying a collective "may be revisited and changed at any time prior to entry of a judgment adjudicating all of the claims of all of the parties," including "after trial." Doc. No. 266 at 1-2. Accordingly, denial of Defendant's Renewed Motion is without prejudice to it being renewed after the single-issue jury trial.

Pursuant to the Second Amended Case Management Order, entered by this Court on May 31, 2016 (Doc. No. 66), the parties have already filed Pretrial Statements (Doc. No. 155 and Doc. No. 158), Joint Stipulations (Doc. No. 191), Unified Proposed Jury Instructions (Doc. No. 221), Proposed Voir Dire (Doc. No. 194 and Doc. No. 196), Proposed Verdict Forms (Doc. No. 193-1 and Doc. No. 198), a Joint Exhibit List (Doc. No. 250), and Objections to Proposed Final Jury Instructions (Doc. No. 251 and Doc. No. 252). Further, the Court has filed its Final Verdict Form (Doc. No. 235), Final Preliminary Jury Questions (Doc. No. 237), Draft Final Jury Instructions (Doc. No. 238), and Final Voir Dire Questions (Doc. No. 244). Accordingly, only an abbreviated Pretrial Order need be, and will be, promptly issued. To the extent that any remaining pretrial issues remain, the Court encourages the parties to work together to resolve said issues without Court involvement.

Bifurcation will expediate resolution of outstanding issues, advance the interests of "convenience" and judicial economy, and avoid "prejudice to the parties." Emerick v. U.S. Suzuki Motor Corp. , 750 F.2d 19, 22 (3d Cir. 1984) ; see also Oldershaw v. Davita Healthcare Partners, Inc. , 255 F.Supp.3d 1110, 1118 (D. Co. 2017) (bifurcating FLSA claims from state law claims). Additionally, the evidence introduced and testimony elicited at the single-issue jury trial will assist the Court in conducting both (1) the "rigorous" review of Plaintiffs' Renewed Motion for Class Certification (Doc. No. 281), as directed by the Court of Appeals, Reinig , 912 F.3d at 130, while preserving Defendant's defenses as to propriety of class certification, and (2) the consideration of any future renewed motion for decertification of the FLSA collective after said trial.